# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAUL and DEBRA GUSTAFSON, *et al.*, )
)
       Plaintiffs, )
)
v. )   Case No.: 20-2272-KHV-KGG
)
TRAVEL GUARD GROUP, INC., *et al.*, )
)
       Defendants. )
_____)

## MEMORANDUM & ORDER GRANTING MOTION TO STAY

Now before the Court is Defendants' "Motion to Stay Pending Determination of Defendants' Motions to Dismiss and Strike." (Doc. 46.) Having reviewed the submissions of the parties, Defendants' motion is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiffs filed the present class action on May 29, 2020. (Doc. 1.) Their Amended Complaint was filed on November 13, 2020. (Doc. 14.) The case seeks restitution, declaratory relief and statutory damages against Defendants "arising from the uniform practice and policy of Defendants in refusing to refund and return unearned insurance premiums and other amounts to their policyholders when planned travel that Defendants insured under separate coverages is canceled before departure, and thus, will not occur." (Doc. 14, at 1-2.)

1

Plaintiffs allege the District of Kansas has original jurisdiction over their claims, both individually and on behalf of the policyholder Class as hereinafter defined pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. (*Id.*, at 5.) Plaintiffs allege that subject matter jurisdiction is proper because "(1) the matter in controversy is reasonably expected to exceed the sum or value of $5,000,000, exclusive of interest and costs; (2) there are more than 100 members of the Class; (3) at least one member of the Class is diverse from Defendants; and (4) no Defendant is a government entity." (*Id.*, at 5-6.) Plaintiffs further allege that personal jurisdiction is proper because Defendants

> have purposefully availed themselves of the privilege of conducting business within the state of Kansas and have each submitted to the jurisdiction of the courts of this state for the claims for relief that Plaintiffs are asserting because the stated claims for relief arise from the acts of Defendants, individually or through an agent or instrumentality, by: (a) contracting to insure Plaintiffs and other persons and entities located in Kansas at the time of contracting, (b) entering into express or implied contracts, by mail or otherwise, with Plaintiffs and other residents of Kansas, to be performed in whole or in part in this state, and (c) otherwise transacting business, committing tortious acts, and causing injury to Plaintiffs and other persons in this state while engaged in solicitation or service activities in Kansas, as alleged herein.

(*Id.*, at 6.)

Defendants filed their Motion to Dismiss on December 17, 2020. (Doc. 15.) The motion argues that the Court lacks subject matter jurisdiction pursuant to

Article III and their claims are moot because there is no injury as Plaintiff's premiums have been refunded.  (Doc. 16, at 15-17.)  Defendants argue that the dismissal should be with prejudice.  (*Id*., at 17-18.)  Defendants also argue that Plaintiff's have failed to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  (*See generally id*., at 18-25.)

Concurrently with the Motion to Dismiss, Defendants also filed a Motion to Strike the class allegations in the Amended Complaint.  (Doc. 17.)  That motion generally argues that 1) Plaintiff's cannot satisfy the typicality, adequacy, predominance, and superiority requirements for class certification under Fed.R.Civ.P. 23 and 2) the "individualized issues" in the causes of action dictate that class-wide resolution is improper.  (*See generally* Doc. 18.)

The Motion to Dismiss and Motion to Strike are ripe and currently pending before the District Court.  Defendants bring the present Motion to Stay pending a decision on their Motion to Dismiss and Motion to Strike.

## ANALYSIS

**I.     Motion to Stay (Doc. 32).**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007

3

WL 2071770, at *2 (D. Kan. July 16, 2007)).  That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." **Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.**, 713 F.2d 1477, 1484 (10th Cir. 1983).  Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.  *McCoy*, 2007 WL 2071770, at *2.

It is well-established in the District of Kansas that a discovery should not be stayed merely because a dispositive motion has been filed.  **Wolf v. United States**, 157 F.R.D. 494, 495 (D. Kan. 1994). However, there are recognized exceptions to this policy.  "[A] stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome." *Toney*, 2018 WL 5830398, at *1.  *See also* **Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.**, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* **Kutilek v. Gannon**, 132 F.R.D. 296, 297–98 (D. Kan. 1990).  If one of these circumstances is present, a stay may be appropriate.  *Wolf*, 157 F.R.D. at 495.  *See also* **Watson v. Unified Sch. Dist. No. 500**, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).

4

Defendants argue that all three of these circumstances are present – "(1) their motions are dispositive if granted; (2) resolution of the motions would not be affected by the discovery sought by Plaintiffs; and (3) discovery would be burdensome and wasteful." (Doc. 47, at 8 (citing **Fattaey v. Kansas State Univ.**, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).) As to the first circumstance, Plaintiffs concede that "the case theoretically could end if the Court grants Defendants' motions," but argue that "the issues are such that that the Court may fairly resolve this basis for a stay order in [Plaintiff's] favor." (Doc. 48, at 9.) The undersigned Magistrate Judge does not and need "not state an opinion as to the validity of defendant's motion to dismiss … ." **Watson**, 2019 WL 2174132, at *2. Rather, the Court must merely be "satisfied that the case would likely be concluded should [Defendants] prevail on [their] dispositive motion." *Id*. This is not in dispute. If the District Court concludes that the case lacks subject matter jurisdiction, the lawsuit must be dismissed with prejudice.

Plaintiffs contend that Defendants failed to show that such discovery would be wasteful and burdensome, but rather Defendants have offered "generalization and conclusory arguments are insufficient to support the extraordinary relief they seek." (Doc. 48, at 11.) The fact remains, however, that Defendants' dispositive motion is fully briefed and pending before the District Court. In deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."

5

*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Because it is uncontested that the case could be resolved through the dispositive motion – for which no evidence beyond the pleadings will be considered – the Court finds that discovery at this stage would be burdensome and wasteful.

Plaintiffs also argue that the fact that Defendants did not move to stay the case earlier in the process indicates that Defendants' motivations for the stay are improper. (Doc. 48, at 11.) The Court finds this argument to be unpersuasive. Defendants requested the stay approximately five weeks after their Motion to Dismiss became ripe. The Court sees nothing suspicious or nefarious about the timing of the filing of the present motion.

As such, Defendants' Motion to Stay (Doc. 33) is **GRANTED** until the District Court rules on Defendants' Motion to Dismiss and/or Motion to Strike. In reaching this determination, the Court makes no inference or findings as to the potential validity of the arguments raised in Defendants' motions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 46) is **GRANTED**.

IT IS SO ORDERED.

Dated this 31st day of March, 2021, at Wichita, Kansas.

s/K<span style="font-variant: small-caps;">enneth</span> G. G<span style="font-variant: small-caps;">ale</span>
HON. KENNETH G. GALE

U.S. MAGISTRATE JUDGE